**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANNY ALEXANDER SIGCHA-ROSAS,** <br> **Petitioner,** <br> **v.** <br> **ERIC ROKOSKY, et al.,** <br> **Respondents.** | **Civil Action No. 26-13111 (SDW)** <br><br> **OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Danny Alexander Sigcha-Rosas, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1). He entered the United States at an unknown place and time. (ECF No. 7-1 at 3).

3. According to Petitioner's Form I-213,[1] Border Patrol encountered Petitioner on July 19, 2024 and processed him for expedited removal. (*Id.*) An immigration judge concluded that Petitioner had established a credible fear of persecution on July 25, 2024. (*Id.*) Petitioner was issued a Notice to Appear and was released that same day. (*Id.*; ECF No. 7-2 at 2).

4. Petitioner was detained by ICE on October 3, 2026. (ECF No. 1 ¶ 6).

5. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 7-4 at 2).

[1] Petitioner disputes the statements contained in the Form I-213. (ECF No. 8 at 3-5).

6. The box requesting review by an immigration judge was checked, and the form was stamped "Refused to Sign" on the signature line. (*Id.*)

7. This Petition followed on October 7, 2026. (ECF No. 1).

8. A bond hearing was scheduled for October 20, 2026, but Petitioner filed a letter stating that he had not requested the hearing. (ECF No. 4).

9. Petitioner withdrew the alleged request for a bond hearing, asserting "that at the time of his apprehension and detention he did not understand or agree to the documents presented to him and therefore refused to sign them." (ECF No. 7-5 at 3).

10. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12. Petitioner asserts that he was never provided with a warrant for his arrest. (ECF No. 1 ¶¶ 59-61). He alleges that ICE officers violated the Fourth Amendment and his due process rights during the arrest when they "shattered Petitioner's vehicle window, forcibly removed him from the vehicle, handcuffed him, and transported him into custody" prior to obtaining a warrant. (*Id.* ¶ 65).

13. A warrant was issued for Petitioner's arrest on October 3, 2026. (ECF No. 7-3 at 2). "Following the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

14. This Court finds Petitioner is not entitled to release based on the alleged warrantless arrest.[2]

15. Petitioner is also not entitled to release due to the alleged unreasonable force used during the arrest. An unreasonable force claim is more appropriately raised in a civil rights complaint,[3] and "[t]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody." *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039

---

[2] Arguably this Court lacks jurisdiction over the Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because Petitioner can raise his illegal arrest claim in a petition for review in the appropriate court of appeals, if necessary. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never *questions*, not just now-or-never harms." (emphasis in original)); *Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

[3] This Court expresses no opinion on the availability of a civil rights claim for Petitioner's assertions of unreasonable force.

(1984)). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039; *see also Rezaee v. President of the United States*, No. 6:25-cv-1140, 2025 WL 4051609, at *5 (M.D. Fla. July 29, 2025) ("Thus, even if Petitioner's initial arrest was unlawful, her detention pending removal may stand.")

16. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

17. Petitioner disputes Respondents' assertion that he was subject to expedited removal proceedings in 2024, (ECF No. 8 at 3-4), but this dispute is irrelevant to Petitioner's current custody. Petitioner does not dispute that a Notice to Appear initiating removal proceedings was issued on July 25, 2024. (*Id.* at 3; ECF No. 7-2 at 2 (showing Petitioner's signature on the Notice to Appear)). The October 3, 2026 warrant is based on the Notice to Appear, not any alleged prior expedited removal proceedings. (ECF No. 7-3 at 2). Petitioner may be detained while removal proceedings are ongoing, subject to the requirement of § 1226(a).

18. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 permits detainees to request review of ICE's initial custody determination from an immigration judge.

19. Petitioner asserts that he did not fully understand the initial custody form that was presented to him on October 3, 2026, leading to his refusal to sign the documents. (ECF No. 7-5 at 3). He further states that "any withdrawal of the purported custody-redetermination request does not waive, concede, or otherwise diminish any claim asserted in the" Petition. (ECF No. 6 at 2).

20. This Court concludes that Petitioner is not entitled to release on the arguments raised in the Petition. Petitioner remains eligible to request a bond hearing if he wishes to contest his current detention.

21. Accordingly, the Petition will be denied.

22. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 9, 2026